# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 9, 2014

No. 13-41146

Lyle W. Cayce
Clerk

In the Matter of:  HIGHWAY 82/FANNIN JOINT VENTURE,

Debtor

HIGHWAY 82/FANNIN JOINT VENTURE,

Appellant

v.

CAPITAL ONE BANK,

Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CV-707

Before STEWART, Chief Judge, OWEN, Circuit Judge, and MORGAN*,
District Judge.

PER CURIAM:**

Plaintiff-Appellant Highway 82/Fannin Joint Venture (the "Joint Venture") appeals the dismissal of its adversary bankruptcy proceeding claim for declaratory relief against Defendant-Appellee, Capital One Bank. The

---

* District Judge for the Eastern District of Louisiana, sitting by designation.
** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41146

Joint Venture contends it has set forth a claim for relief under a theory of quasi-estoppel.

On July 7, 2006, Mark Ragon executed a promissory note in favor of Capital One in the principal amount of $340,000. On that same day, Ragon executed a deed of trust providing Capital One a lien on a 243 acre parcel of property. The Deed of Trust contained a cross-collateralization clause whereby the property served as additional collateral for any and all obligations owed by Ragon to Capital One, whether then existing or thereafter arising. On January 3, 2007, the Joint Venture executed a promissory note in favor of Ragon in the principal amount of $340,000 for the purchase of the property. The Joint Venture was aware of the bank's prior lien on the property and the cross-collateralization provision in the Deed of Trust. Later, the bank became aware that Ragon had transferred the property to the Joint Venture. The Joint Venture made all its payments to Ragon but, at some point, Ragon defaulted on his obligations to the bank and the bank initiated foreclosure proceedings on the property.

The Joint Venture filed a petition for relief under Chapter 11 of the Bankruptcy Code on December 15, 2011 to prevent the foreclosure. The Joint Venture initiated an adversary bankruptcy proceeding seeking a declaratory judgment that it is entitled to a release of the bank's lien on the property based on quasi estoppel under Texas law. The district court affirmed the order of the bankruptcy court dismissing Highway 82/Fannin's adversary proceeding for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) because there was no plausible claim for relief under a theory of quasi estoppel.

"Quasi estoppel precludes a party from asserting, to another's disadvantage, a right inconsistent with a position previously taken." *Lopez v.*

No. 13-41146

*Munoz, Hockema & Reed, LLP,* 22 S.W. 3d 857, 864 (Tex. 2000). This form of estoppel applies when it would be unconscionable to allow a party to maintain a position inconsistent with one in which it acquiesced or accepted a benefit. *Id.* To adequately plead a claim under a theory of quasi estoppel, a party must allege (1) the defendant acquiesced to or accepted a benefit under a transaction; (2) the defendant's present position is inconsistent with its earlier position wherein it acquiesced to or accepted the benefit of the transaction; and (3) it would be unconscionable to allow the defendant to maintain its present position, which is to the plaintiff's disadvantage. *Id.*

The district court dismissed the Joint Venture's claim because the second element had not been sufficiently pleaded. Specifically, the district court held Capital One's enforcement of the cross-collateralization clause and foreclosure on the property was not inconsistent with any earlier position the bank had taken. On appeal, the Joint Venture argues it did sufficiently plead Capital One's inconsistent position by alleging (1) the Joint Venture offered to pay its debt to Ragon by paying Capital One in exchange for release of the lien on the property, but the bank declined; (2) the Joint Venture offered to pay off Ragon's note to the bank in exchange for the release of the bank's lien on the property, but the bank declined the offer; and (3) the Joint Venture filed a Chapter 11 bankruptcy petition to prevent foreclosure of the property by the bank.

We affirm for the reasons articulated by the district court in affirming the bankruptcy court's dismissal of the Joint Venture's complaint under Rule 12(b)(6). The allegations of the complaint, taken as true, do not state a claim for relief that is plausible on its face. The Joint Venture has failed to allege any position taken by Capital One that was inconsistent with the bank's earlier position. The Joint Venture's belief that the cross-collateralization

3

would not be enforced after its purchase does not demonstrate any inconsistency on the bank's part. Neither is the bank's after the fact knowledge of Ragon's sale to the Joint Venture, and receipt of payments from the Joint Venture for five years, inconsistent with the bank's enforcement of the cross-collateralization clause. Leave to amend was not necessary as the amendment would be futile.

The judgment of the district court is AFFIRMED.